### 4468. TOWN OF CLIMAX *v.* JETER *et al.*

Where a certiorari, sued out to review a judgment of a municipal court, is dismissed by the superior court because of insufficiency of the bond given as a supersedeas bond, and this judgment is acquiesced in by the party suing out the certiorari, the municipality, which has received the benefit of the dismissal, can not subsequently sue the obligors in the bond because of a breach thereof. Having obtained a judgment dismissing the certiorari, on the ground that the bond was void, the municipality will not be allowed to assume the contrary position that the bond is valid, either as a statutory bond or as a common-law obligation.

DECIDED JANUARY 22, 1913.

Action on bond; from city court of Bainbridge—Judge Harrell. October 8, 1912.

*T. S. Hawes,* for plaintiff. *Russell & Custer,* for defendants.

HILL, C. J. Jeter was convicted by the municipal court of the Town of Climax of the violation of an ordinance of the town, and sentenced to imprisonment, to be released on payment of a fine. Being dissatisfied with the judgment of the municipal court, he sued out a writ of certiorari, giving a supersedeas bond, which was duly approved by the mayor of the Town of Climax. When the certiorari came on to be heard in the superior court it was dismissed, because of insufficiency of the certiorari bond. This judgment was acquiesced in by Jeter. Subsequently the Town of Climax brought suit upon this bond, against Jeter and his sureties, claiming a breach thereof by Jeter, in that he had failed to appear and abide the judgment of the court as provided in the bond. To this suit Jeter and his sureties filed a demurrer, based upon the ground that, as the Town of Climax had invoked and obtained a decision from the superior court, dismissing the bond sued on, because it was void, and as this judgment had been acquiesced in by Jeter, the Town of Climax could not maintain a suit to recover the penalty of the bond. The demurrer was sustained, and the Town of Climax brings error.

It is insisted by the attorney for the plaintiff in error that the bond is good as a common-law obligation, whether good as a statu-

tory bond or not, and as it had been breached by the non-appearance of Jeter, according to its terms suit could be had thereon against him and his sureties. It is further insisted, that the statute makes it the duty of the judge of the superior court to examine the record for the purpose of determining whether a proper supersedeas or certiorari bond has been given, and that if, upon examination, he should find that the bond required by the statute had not been given, it would be his duty to dismiss the certiorari; and for this reason it is contended that the well-settled principle relied upon by the demurrer does not apply. We think it immaterial whether the dismissal of the certiorari was at the instance of the Town of Climax or not. The result was the same. The Town of Climax got the benefit of the judgment, and Jeter was damaged by having his certiorari dismissed. This being true, we do not think the Town of Climax can sue on the bond as a valid obligation, either statutory or common-law. Having obtained the judgment dismissing the certiorari, on the ground that the bond was invalid, or having received the benefit of that judgment, the town would be estopped from setting up the bond as a valid obligation of any character. The well-settled principle is that when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment in which the opposite party has acquiesced, to the latter's prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and the same adversary, a contrary position. *Central Ry. Co.* v. *Waldo,* 9 *Ga. App.* 182 (70 S. E. 1021), and citations. Of course, it is immaterial whether or not the judgment of the superior court, dismissing the certiorari, was correct or not. The judgment was acquiesced in by the party against whom it was rendered, and, so far as this case is concerned, the result is the same whether the judgment then rendered was correct or incorrect. The position of counsel for the plaintiff in error, that, since the certiorari bond given by Jeter had performed its function in getting him released from jail until the certiorari case was disposed of, Jeter and his sureties should be liable to the obligee in the bond, does not strike us with force. The Town of Climax, on the dismissal of the certiorari, had its judgment against Jeter which had been rendered by the municipal court, and no reason appears why this judgment could not be enforced against him; and if its enforcement

was prevented by his escape, this would not affect the right to enforce it. The Town of Climax could have waived any defect in the certiorari bond and given Jeter the right to have the judgment reviewed. Failing to do this, and having the case dismissed, or at least taking advantage of the dismissal, it can not be allowed any advantage from a contrary position. *Judgment affirmed.*